Cleveland CHATMON, Plaintiff,

v.

CHURCHILL TRUCK LINES, Defendant.

Civ. A. No. 76–241–C2.

United States District Court,
D. Kansas.

Oct. 7, 1977.

On Motion for Judgment on Surety
Bond Oct. 11, 1977.

On Motions to Quash Feb. 2, 1978.

On Motion for Injunction Feb. 16, 1978.

See also, D.C., 83 F.R.D. 249.

See also, D.C., 467 F.Supp. 79.

Cleveland Chatmon, pro se.

Monti L. Belot, Weeks, Thomas, Lysaught, Bingham & Mustain, Kansas City, Kan., for defendant.

## JOURNAL ENTRY OF DISMISSAL

O'CONNOR, District Judge.

On September 30, 1977, there came on for hearing in open court defendant's motion to dismiss plaintiff's complaint for failure of the plaintiff to comply with an order of this Court. The plaintiff appeared in person, *pro se,* and the defendant appeared by its counsel, Monti L. Belot of the firm of Weeks, Thomas, Lysaught, Bingham & Mustain, Chartered. The Court, after having heard the statements and arguments of counsel and after having reviewed the court file, makes the following findings and order:

1. This is an action for damages brought by plaintiff, *pro se,* alleging injuries caused by negligence of the defendant in the operation of a motor vehicle.

2. On April 8, 1977, defendant served upon plaintiff interrogatories.

3. On July 26, 1977, pursuant to a motion filed by the defendant, an order was entered by the United States Magistrate of this Court, compelling plaintiff to answer the interrogatories served on him. In his order, the Magistrate found that the plaintiff has neither answered nor objected to the interrogatories nor filed suggestions in opposition to defendant's motion to compel answers to such interrogatories. The plaintiff was ordered to answer such interrogatories on or before August 26, 1977.

4. On August 29, 1977, defendant filed its motion to dismiss plaintiff's action for failure of plaintiff to comply with the Court's order directing him to answer defendant's interrogatories.

5. From plaintiff's statements and argument made in open court, the Court finds that plaintiff has not complied with the Court's order directing him to answer defendant's interrogatories, and further that plaintiff does not intend to comply with said order in the future.

6. Rule 37(d), Federal Rules of Civil Procedure, provides in pertinent part that:

". . . If a party . . . fails . . . [to] serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule."

Rule 37(b)(2)(C) provides, in pertinent part:

"If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\* \* \* \* \* \*

"(C) An order . . . dismissing the action."

7. The Court finds that the defendant has properly served interrogatories upon plaintiff and that plaintiff has refused and continues to refuse to answer said interrogatories notwithstanding this Court's order to do so. The Court further finds that in addition to failing to answer the interrogatories, plaintiff consistently has refused during the pendency of this case to follow the rules of procedure despite the painstaking efforts of the Court to apprise plaintiff regarding the legal insufficiency of positions taken by plaintiff with respect to the conduct of this litigation.

8. Accordingly, and for the reasons stated, the Court finds and directs that this action shall be dismissed, with prejudice, pursuant to the provisions of Rule 37(b), Federal Rules of Civil Procedure, for plaintiff's failure to comply with this Court's order directing him to answer properly served interrogatories of the defendant.

IT IS SO ORDERED.

## ON MOTION FOR JUDGMENT ON SURETY BOND

In an order filed October 7, 1977, the court sustained defendant's motion to dis-

miss this case. Plaintiff *pro se* has now filed a "MOTION FOR JUDGMENT ON SURETY BOND" seeking judgment against the defendant and one non-party "for the sum of Forty-two Million Dollars, plus interest and costs." The bond which the plaintiff seeks "judgment" upon is a $250.00 removal bond filed by the defendant when it removed a *previous* case between the parties to federal court (Case No. 75–208–C2).

Plaintiff's motion is denied.

IT IS SO ORDERED.

### ON MOTIONS TO QUASH

Since January 20, 1977, plaintiff has consistently contended that he has obtained a default judgment against the defendant in the sum of Two Million Dollars. The court has, on numerous occasions, informed plaintiff that he is incorrect and that no such judgment has been obtained. (Memorandum and Order of February 16, 1977; Memorandum and Order of March 11, 1977; Memorandum and Order of April 21, 1977; and Order of August 25, 1977). On September 30, 1977, in open court, the court once again painstakingly explained to the plaintiff that he had obtained no judgment. At the same time, the court dismissed the action under Rule 37 of the Federal Rules of Civil Procedure, due to the plaintiff's failure to comply with the previous order of this court compelling discovery. On October 13, 1977, plaintiff filed a notice of appeal with the Tenth Circuit Court of Appeals. On January 20, 1978, the Tenth Circuit dismissed plaintiff's appeal for lack of prosecution and plaintiff's failure to file an appropriate appeal bond.

Since October 13, 1977, plaintiff has continued to file documents in an apparent attempt to collect on his non-existent "judgment." Some of these documents have ever been served by the United States Marshal, including one self-styled "Writ of Execution," which states that the defendant and the Aetna Casualty & Surety Company are indebted to the plaintiff in the sum of $252,000,000.00, plus interest.

The defendant has filed a motion to quash and a renewed motion to quash; in addition, Aetna Casualty & Surety has also filed a motion to quash. Further, the defendant has requested that the court enter an order enjoining plaintiff from using the process of the court to make further attempts to execute upon his non-existent "judgment."

The court now makes the following orders:

1. The motion to quash filed by the defendant on November 15, 1977, is sustained.

2. The renewed motion to quash filed by the defendant on December 12, 1977, is sustained.

3. The motion to quash filed by Aetna Casualty & Surety on January 12, 1978, is sustained.

4. The Office of the Clerk of this court and the Office of the United States Marshal are directed to refrain from processing or serving any document filed by plaintiff, which is a further attempt to execute upon plaintiff's non-existent "judgment."

5. Plaintiff is directed to show cause in writing on or before February 13, 1978, why an order should not issue enjoining plaintiff from further abusing the processes of this court by making further attempts to execute on his non-existent "judgment."

6. The clerk is directed to send a copy of this Memorandum and Order to plaintiff by Certified Mail; and is also directed to send a copy of this Memorandum and Order to the office of the United States Marshal for the District of Kansas, and to the office of the United States Attorney for the District of Kansas.

IT IS SO ORDERED.

### ON MOTION FOR INJUNCTION

On February 2, 1978, this court directed plaintiff to show cause in writing on or before February 13, 1978, why an order should not issue enjoining plaintiff from making further attempts to execute on his non-existent "judgment." The background of this case was set out in the February 2,

1978, Memorandum and Order, as well as in several previous orders of the court, and will not be reiterated in detail here. Briefly, since January 20, 1977, plaintiff has consistently contended that he is entitled to a default judgment against the defendant in the sum of two million dollars.

Plaintiff has not filed any direct response to the show cause order. Instead, undaunted and undiscouraged by six previous rulings of this court to the effect that plaintiff has not obtained and is not entitled to a default judgment, plaintiff has attempted to file a document which he has presumptuously entitled "MANDATE." Pursuant to the previous order of the court, the Clerk of this court stamped this document "received" and retained it, but did not file it in the official court file. The "MANDATE" is signed only by plaintiff (and a notary public attesting to plaintiff's signature), and reads:

> "Comes now the plaintiff Cleveland Chatmon pursuant to Rule 41(A)[a] title 28, Appendix-Rules of Appellate Procedure and does file in this court a Certified copy of the Judgment of the Tenth Circuit Court of Appeal issued February 7, 1978 marked exhibit No. (1) and a Certified copy of the OPINION of the Tenth Circuit Court of Appeals dated March 29, 1978. [sic] marked exhibit No. (2)."

Exhibit No. (1) is a "WRIT OF EXECUTION", drawn by plaintiff and signed by plaintiff. Plaintiff apparently has sent this "WRIT OF EXECUTION" to the Clerk of the Tenth Circuit Court of Appeals, and the Clerk has stamped it "FILED." Exhibit No. (2) is a copy of a March 29, 1977 Order of the Tenth Circuit denying plaintiff's application for a Writ of Mandamus in this case.

▮ The plaintiff has continually abused the processes of this court. A litigant, of course, may not obtain a judgment, a mandate, or seize property via a writ of execution merely by drawing and signing a self-serving document stating that he has obtained a judgment and having such document file-stamped by a clerk of a court. Since plaintiff has consistently disregarded the orders of this court, and gives every indication that he intends to keep doing so, the court feels that it has no choice but to sustain defendant's motion and enter the requested injunction against plaintiff.

IT IS THEREFORE ORDERED

1. That injunction issue, and plaintiff is enjoined from making further attempts in this court to execute upon his non-existent "judgment."

2. That the office of the Clerk of this court and the office of the United States Marshal refrain from processing or serving any document filed by plaintiff which is a further attempt to execute upon plaintiff's non-existent "judgment."

3. That any document which is an attempt to execute upon plaintiff's non-existent "judgment" shall be stamped "RECEIVED" and retained by the Clerk but not "FILED" in the official court file.

4. That the clerk send a copy of this Memorandum and Order to plaintiff by Certified Mail; and also that the clerk send copies of this Memorandum and Order to the defendant, the office of the United States Marshal for the District of Kansas, and to the office of the United States Attorney for the District of Kansas.