Cleveland CHATMON, Plaintiff,

v.

CHURCHILL TRUCK LINES, INC. and the Aetna Casualty & Surety Co., Defendants.

Civ. A. Nos. 76–241–C2, and 79–4026.

United States District Court,
D. Kansas.

Feb. 7, 1979.

Supplemental Order Feb. 14, 1979.

See also, D.C., 83 F.R.D. 246.

See also, D.C., 467 F.Supp. 79.

Cleveland Chatmon, pro se.

Monti L. Belot, Weeks, Thomas, Lysaught, Bingham & Mustain, Kansas City, Kan., for defendants.

## ORDER

O'CONNOR, District Judge.

On January 23, 1979, defendants Churchill Truck Lines, Inc. and The Aetna Casualty & Surety Company, by and through their attorney, filed a motion requesting this Court to issue an order that its Clerk's offices were not to furnish to the plaintiff or anyone acting on the plaintiff's behalf (other than an attorney duly authorized to practice before this Court) copies of any documents from the files of this Court pertaining to matters between the plaintiff and the defendants. As grounds for their motion, the defendants stated that the plaintiff has continued to serve upon them copies of documents purporting to be judgments of this Court, apparently in an effort to collect upon certain "judgments" which this Court and the U. S. Court of Appeals for the Tenth Circuit have found to be nonexistent. Plaintiff has obtained these documents from this Court's files and has had them impressed with the seal of this Court, apparently in an effort to impart to them authenticity which is intended to mislead the recipient of the document into believing that the documents are orders issued by this Court.

The defendants' motion was served by mail on the plaintiff on January 22, 1979 and plaintiff has filed no response thereto as required by Rule 15(b) of this Court.

The Court is familiar with the facts of this case and finds that the relief requested by the defendants is appropriate and essential to effectuate this Court's previous orders and to prevent the harassment of the defendants by the plaintiff. Accordingly,

IT IS ORDERED that the Clerk of this Court and his deputies shall not furnish to the plaintiff or to anyone acting on plaintiff's behalf (other than an attorney duly authorized to practice in this Court) copies of any pleadings or documents from this Court's files pertaining to matters between

the plaintiff and defendants Churchill Truck Lines, Inc. and The Aetna Casualty & Surety Company.

IT IS FURTHER ORDERED that the Clerk of this Court and his deputies shall not stamp or otherwise impress upon any pleading or document provided by or on behalf of the plaintiff any mark which bears the stamp or seal of this Court or the signature of any officer or employee thereof.

## SUPPLEMENTAL ORDER

ROGERS, District Judge.

On February 9, 1979, plaintiff in this action presented himself at the Clerk's office and filed a "Complaint on a Bond for Removal." The complaint recites that plaintiff is a citizen of Kansas, that one of the defendants is a citizen of Kansas, and that defendants "owes [sic] to the Plaintiff Cleveland Chatmon (2,000,000.00) Two Million according to the Bond For Removal and Petitioner For Removal hereto annexed as exibits [sic] A and B respectively." After examining exhibits A and B, no rational mind could conclude that defendants owe plaintiff $2,000,000. Nonetheless, this Court, especially the Kansas City office, and the Tenth Circuit Court of Appeals have been continually harassed by plaintiff's attempts to sue upon and collect a non-existent judgment.

By order of February 16, 1978, Judge O'Connor granted defendants' motion for an injunction in an identical predecessor case, *Cleveland Chatmon v. Churchill Truck Lines, Inc.,* 83 F.R.D. 246, No. 76–241–C2. That opinion ordered:

1. That injunction issue, and plaintiff is enjoined from making further attempts in this court to execute upon his non-existent "judgment."

2. That the office of the Clerk of this court and the office of the United States Marshal refrain from processing or serving any document filed by plaintiff which is a further attempt to execute upon plaintiff's non-existent "judgment."

3. That any document which is an attempt to execute upon plaintiff's non-existent "judgment" shall be stamped "RECEIVED" and retained by the Clerk but not "FILED" in the official court file.

The filing of this action is obviously a further attempt by plaintiff to collect upon the non-existent judgment which has been the subject of his many previous actions. Thus, the filing of this action is clearly a violation of Judge O'Connor's February 16, 1978, order.

IT IS THEREFORE ORDERED that summons not issue in this case.

IT IS FURTHER ORDERED that this action be, and is hereby, summarily dismissed.

IT IS FURTHER ORDERED that Judge O'Connor's February 16, 1978 order (if it does not already do so) be extended to ban plaintiff's attempt to collect on his non-existent judgment even under the guise of a new case.

IT IS FURTHER ORDERED that the clerk send a copy of this Order to plaintiff by Certified Mail; and also that the clerk send copies of this Order to the defendants, the office of the United States Marshal for the District of Kansas, and to the office of the United States Attorney for the District of Kansas.

IT IS SO ORDERED.